IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Gina Patricia Bornemann, <br><br> PLAINTIFF, <br><br> v. <br><br> The State of South Carolina; Nicholas Daniel Mermiges, <br><br> DEFENDANTS. | Civil Action No. 3:23-cv-4763-TLW <br><br><br> **ORDER** |

Plaintiff Gina Patricia Bornemann filed this *pro se* civil action on September 22, 2023, seeking an injunction. ECF No. 1. She alleges that she was held in willful contempt of the Richland County, South Carolina Family Court for failure to pay attorney's fees on September 21, 2021. *Id.* The Family Court ordered her to pay attorney's fees to Defendant Mermiges, the opposing counsel in her Family Court case, or face jail time. *Id.* Plaintiff requests that this Court enjoin the Family Court from imposing jail time because it would be "equivalent to a sentence of the Death Penalty [.]" *Id.* at 5. Plaintiff states that this Court has jurisdiction over her claims pursuant to 28 U.S.C. § 1331, which sets forth the requirements for the Court's exercise of federal question jurisdiction. *Id.* at 3.

This matter now comes before the Court for review of the Report and Recommendation ("Report") filed by United States Magistrate Judge Paige J. Gossett. ECF No. 12. No objections have been filed to the Report, and the

deadline for filing them has now expired. This matter is therefore ripe for the Court's review.

The Report recommends that the Court dismiss Plaintiff's complaint without prejudice and without service of process. *Id.* The Magistrate Judge's recommendation is based on her conclusion that the Court lacks jurisdiction to adjudicate Plaintiff's claims. *Id.* Specifically, the Report finds that Plaintiff has failed to demonstrate that the Court has federal question jurisdiction because "Plaintiff provides no allegations, lists no causes of action, or raises any claims that could state a cognizable federal claim." *Id.* at 4. Second, the Report concludes dismissal is appropriate because the Court generally does not have jurisdiction to issue an injunction against an order of a state court and Plaintiff has not identified a viable exception to this rule. *Id.* at 5 (citing 28 U.S.C. § 2283) ("A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.")). Finally, the Report concludes that, in the absence of federal question jurisdiction, the Court cannot exercise diversity jurisdiction because there is no diversity of citizenship between Plaintiff and Defendants. *Id.* Accordingly, the Report recommends that Plaintiff's action be summarily dismissed.

As noted above, Plaintiff has not filed objections. The Court is charged with a *de novo* review of any portion of the Magistrate Judge's Report to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the

recommendations contained in that report. 28 U.S.C. § 636. In conducting its review, the Court applies the following standard:

> The Magistrate Judge makes only a recommendation to the Court, to which any party may file written objections.... The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination.  The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed.  While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Housing Auth. of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of the standard in *Wallace*, the Court has reviewed Plaintiff's complaint, the Report, and other relevant filings. The Magistrate Judge recommends dismissal without prejudice and without issuance and service of process for lack of subject matter jurisdiction. For the reasons stated by the Magistrate Judge, the Report, ECF No. 12, is accepted.

**IT IS SO ORDERED.**

__*s/Terry L. Wooten*__
Senior United States District Judge

November 1, 2023
Columbia, South Carolina